UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JASWANT SINGH, et al.,<br><br>　　　　　Defendants. | No. 2:15-cv-0173 CKD<br><br><br>ORDER |

Pending before the court is plaintiff's motion for sanctions.[1] Because oral argument is not of material assistance, this matter is submitted on the briefs. E.D. Cal. L.R. 230(g). Upon review of the documents in support, no opposition having been filed,[2] and good cause appearing therefor, THE COURT FINDS AND ORDERS AS FOLLOWS:

/////

---

[1] Also pending before the court are plaintiff's motion for summary judgment against defendant Singh and motion for default judgment against defendant Mehra. These matters were submitted on the papers. ECF No. 32. Defendant Singh was ordered to file opposition to the motion for summary judgment no later than June 24, 2016, but failed to do so. As explained below, the court finds that entry of default judgment against both defendants is appropriate. The motion for summary judgment will therefore be denied as moot.

[2] By order filed June 16, 2016, defendant Singh was ordered to file opposition to the motion for sanctions no later than June 22, 2016 and cautioned that failure to file opposition would result in entry of the relief requested on the motion. ECF No. 32. No opposition has been filed.

1

1   Plaintiff moves for sanctions against defendant Singh for failure to comply with the
2   court's order compelling discovery.  Plaintiff seeks entry of default judgment and for expenses
3   incurred in connection with the motion.  By order filed May 13, 2016, defendant Singh was
4   ordered to provide responses to interrogatories and produce responsive documents.  Defendant
5   Singh failed to comply with the court's order.  The court notes that defendant Singh, other than
6   filing an answer, has failed to cooperate in this litigation.  Defendant Singh refused to participate
7   in preparing a status report prior to the scheduling conference, failed to appear at the scheduling
8   conference, did not oppose the motion to compel, did not oppose the motion for sanctions, and
9   did not oppose the motion for summary judgment.  The court finds defendant's failure to comply
10  with the court's orders to be willful disobedience and concludes that entry of default judgment is
11  appropriate.  See Henry v. Gill Industries, Inc., 983 F.2d 943, 948 (9th Cir. 1993); Connecticut
12  Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007).
13  Defendant was cautioned in both the order granting the motion to compel and in the order
14  directing defendant to file opposition to the motion for sanctions that failure to comply with the
15  court's orders could result in entry of default judgment.  Defendant has paid no heed to the
16  court's orders and the court concludes that a lesser sanction will serve no useful purpose.

17  The court therefore turns to the question of the terms of the default judgment.  Plaintiff is
18  a permanently disabled wheelchair user.  Defendants operate a business establishment, the
19  "Grand Save Market," located in Stockton, California.  The complaint alleges that plaintiff visited
20  the subject establishment in September, November and December, 2014 and encountered
21  architectural barriers which denied him full and equal access.

22  The record reflects that defendants were properly served with process.  Default was
23  entered against defendant Mehra on March 25, 2015 and by this order default is entered against
24  defendant Singh.  The motions for sanctions, summary judgment and default judgment have been
25  served on both defendants.  Plaintiff seeks an entry of default judgment in the amount of $4,000[3]

---

[3] In addition to the statutory damages sought against defendant Mehra, in the motion for summary judgment, plaintiff also seeks statutory damages against defendant Singh in the amount of $8,000.  The affidavits submitted by plaintiff in connection with the motions for default judgment and summary judgment establish that plaintiff encountered the architectural barriers on

2

1    pursuant to California Civil Code section 52(a)[4] and attorney's fees and costs in the amount of
2    $4,415 as well as injunctive relief.

3        Entry of default effects an admission of all well-pleaded allegations of the complaint by
4    the defaulted party. Geddes v. United Financial Group, 559 F.2d 557 (9th Cir. 1977). The court
5    finds the well pleaded allegations of the complaint state a claim for which relief can be granted.
6    Anderson v. Air West, 542 F.2d 1090, 1093 (9th Cir. 1976). The memorandum of points and
7    authorities and affidavits filed in support of the motion for entry of default judgment and the
8    motion for summary judgment also support the finding that plaintiff is entitled to the relief in the
9    form of statutory damages, attorney's fees and injunctive relief requested, which does not differ
10   in kind from the relief requested in the complaint. Henry v. Sneiders, 490 F.2d 315, 317 (9th
11   Cir.), cert. denied, 419 U.S. 832 (1974). Plaintiff is entitled to statutory damages for each
12   "offense," i.e., each obstructed visit. See Lentini v. Cal. Ctr. for the Arts, 370 F.3d 837, 847 (9th
13   Cir. 2004); see also Feezor v. DeTaco, Inc., 431 F.Supp.2d 1088 (S.D. Cal. 2005). The amount of
14   attorney's fees requested by plaintiff is reasonable. With respect to plaintiff's claim for injunctive
15   relief, the court finds that defendants have failed to provide accessible parking spaces and an
16   accessible counter, as required by 28 Code of Federal Regulations, Part 36, Appendix D,
17   ("ADAAG"). There are no policy considerations which preclude the entry of default judgment of
18   the type requested. See Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986) (factors that
19   may be considered by the court are possibility of prejudice to the plaintiff, merits of plaintiff's
20   substantive claim, sufficiency of the complaint, sum of money at stake in the action; possibility of
21   a dispute concerning material facts; whether the default was due to excusable neglect, and strong
22   policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits).
23   /////
24   /////

---

more than three occasions. Because defendants are jointly and severally liable on plaintiff's claims, the court will award $12,000 in statutory damages.

[4] The Unruh Civil Rights Act provides, in relevant part, for a minimum statutory damage amount of $4,000 per violation. Cal. Civ. Code § 52(a).

Accordingly, IT IS HEREBY ORDERED that:

1. The hearing date of July 6, 2016 on plaintiff's motion for sanctions is vacated.

2. Plaintiff's motion for sanctions is granted.  The answer of defendant Singh (ECF No. 9) is stricken and default is entered against defendant Singh.  Reasonable expenses of $600 incurred in connection with the motion for sanctions are awarded to plaintiff against defendant Singh, in addition to expenses in the amount of $600 previously awarded on the motion to compel (ECF No. 25).

3. Plaintiff's motion for default judgment (ECF No. 31) is granted.

4. Default judgment is entered against defendants Singh and Mehra, jointly and severally. Plaintiff is awarded statutory damages in the amount of $12,000.00 and attorney's fees and costs in the amount of $4,415.00, for the total sum of $16,415.00.

5. Plaintiff is granted an injunction requiring defendants to provide property alterations to the property known as "Grand Save Market," located at 2318 S. Airport Way, Stockton, California that consist of the following, all in accordance with the Americans With Disabilities Act of 1990 (ADA) and the Americans With Disabilities Act Accessibility Guidelines (ADAAG) contained in 28 Code of Federal Regulations Part 36, Appendix D:  compliant accessible parking spaces and transaction counter.

6. Plaintiff's motion for summary judgment (ECF No. 30) is denied as moot.

7. The Clerk of Court is directed to close this case.

Dated: June 29, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 johnson-singh0173.def